IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL WESTON,

Petitioner,

ORDER

v.

09-cv-339-bbc

RICHARD RAEMISCH, Secretary, Wisconsin Department of Corrections and MICHAEL MORGAN, Secretary, Wisconsin Department of Administration,

Respondent.

---

Petitioner Michael Weston, an inmate at the Racine Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to 28 U.S.C. § 2254.

The subject of the petition is an administrative order by the Wisconsin Division of Hearings and Appeals revoking petitioner's parole. Petitioner has submitted a 31-page petition outlining the facts leading up to his parole revocation and presenting numerous arguments why the revocation decision was in error. Although the precise nature of petitioner's claims is not entirely clear, it appears that petitioner is contending, among other things, that the revocation proceedings did not comport with the minimal requirements of due process as outlined by the Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 489

(1972). In addition, he contends that his revocation was the result of a conspiracy among his parole officer, her superiors and certain other individuals.

To be entitled to federal habeas relief, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, pursuant to 28 U.S.C. § 2254(b)(1), a federal court shall not grant an application on behalf of a state prisoner unless it appears that the applicant has exhausted the state remedies that are available to him. Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented").

When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982). After exhausting his claims in state court, the

petitioner may then re-present his claims to the federal court in a new habeas petition, assuming he does not run afoul of the statute of limitations. Rhines, 544 U.S. at 275.

Petitioner alleges that after exhausting his administrative remedies, he filed a petition for a writ of certiorari in the Circuit Court for Dane County. According to records available electronically, that court denied the certiorari petition on March 10, 2009. Wisconsin Circuit Court Access, http://wcca.wicourts.gov (search Dane County Case 2008cv3972) (visited June 2, 2009). Petitioner filed motions for reconsideration on March 24 and April 6, 2009, which were both denied. On May 6, 2009, he filed a motion for clarification of the circuit court's latest order; the court has not ruled on that motion. It appears that petitioner has not filed a notice of appeal from any of the circuit court's orders.

In his petition and cover letter, petitioner asserts that pursuing a state court appeal would be futile because the appellate court is not likely to grant him relief. However, when a petitioner claims that he cannot obtain relief from the state courts, the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993). A petitioner "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995). No matter how slim his chances of success, petitioner must complete the state appellate review process before presenting his claims in federal court.

ORDER

IT IS ORDERED that the petition of Michael Weston for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 2nd day of June, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge