IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL WESTON,

           Petitioner,                  ORDER

    v.                                    09-cv-339-bbc

RICHARD RAEMISCH, Secretary,
Wisconsin Department of Corrections and
MICHAEL MORGAN, Secretary,
Wisconsin Department of Administration,

           Respondent.

---

      Petitioner Michael Weston has filed a motion for reconsideration of the order and judgment entered June 2, 2009, dismissing petitioner's application for a writ of habeas corpus without prejudice on the ground that he had not exhausted his state court remedies. In his motion, petitioner urges this court to exercise its discretion and excuse the exhaustion requirement in this case. Petitioner argues that Wisconsin's certiorari procedure is too limited in scope to fully address the wrongs that have been done to him by the Department of Corrections and by his lawyer in the revocation proceedings, who did not do enough to show that petitioner's relatives framed petitioner for murder-for-hire in order to get his parole revoked. In addition, he contends that the circuit court judge who heard his certiorari petition has refused to rule on all of his claims.

Petitioner's arguments fail to convince me that I erred in dismissing the petition. Although it is true that the exhaustion requirement was founded on principles of comity, the requirement is now codified at § 2254(b). A court may excuse the exhaustion requirement only if 1) there is an absence of available state corrective process, § 2254(b)(1)(b)(i); or 2) "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(b)(ii). Petitioner argues strenuously that the second exception applies in his case because the circuit court judge has refused to address his claims. However, petitioner has made no showing that he cannot obtain relief from the Wisconsin Court of Appeals for the circuit court's alleged wrongs. Even in the limited scope of an appeal in a certiorari action, petitioner can argue that the evidence was insufficient to support the revocation decision and that he was revoked on the basis of unreliable hearsay evidence, as he argues in this court. Coleman v. Percy, 92 Wis. 2d 578, 588, 292 N.W. 2d 615, 621 (1980) (scope of review on certiorari is limited to whether board 1) kept within its jurisdiction; 2) acted according to law; 3) took an action that was arbitrary, oppressive or unreasonable and represented its will; and 4) made decision that was reasonable in light of evidence). Further, to the extent petitioner may be claiming that the lawyer who represented him at the revocation proceeding was ineffective, he can raise that claim in a petition for a writ of habeas corpus. State v. Ramey, 121 Wis. 2d 177, 359 N.W. 2d 402 (Ct. App. 1984). (It is not clear, however, that petitioner has a Sixth Amendment right to the effective assistance of counsel at a probation revocation proceeding. Gagnon v. Scarpelli, 411 U.S.

778, 790 (1973) (adopting case-by-case approach for deciding when due process requires counsel to be appointed in parole revocation proceedings).  Further, petitioner did not have the right to counsel in the administrative appeal from a revocation order or during the certiorari review of the revocation order.  State ex rel. Griffin v. Smith, 2004 WI 36, ¶ 3, 270 Wis.2d 235, 677 N.W.2d 259; State ex rel. Mentek v. Schwarz, 2000 WI App 96, ¶ 2, 235 Wis.2d 143, 612 N.W.2d 746, rev'd on other grounds, 2001 WI 32, ¶ 2, 242 Wis.2d 94, 624 N.W.2d 150.)  As I stated in the June 2 order, however, petitioner "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting."  Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995).

ORDER

IT IS ORDERED that Michael Weston's motion for reconsideration of this court's June 2, 2009 order is DENIED.

Entered this 23rd of June, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge